UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


TRACEY E. BOGLE,                                          Case No. 6:18-cv-01776-MC

        Petitioner,                              OPINION AND ORDER

    v.

MRS. HENDRIX, Supt. Santiam
Correctional Institution,

        Respondent.

_____

MCSHANE, District Judge:

      Petitioner seeks federal habeas relief pursuant to 28 U.S.C. § 2254 and alleges numerous

violations of his constitutional rights. Respondent argues that petitioner's claims are untimely

and procedurally defaulted. Based on the record before the court, petitioner fails to excuse the

untimeliness and default of his claims. The petition is DENIED.

<u>BACKGROUND</u>

      On May 6, 2011, police responded to a reported disturbance involving petitioner and his

brother, Timothy Bogle. Resp't Ex. 126 at 4. Timothy apparently had advised petitioner's

girlfriend, Julia Phillips, that petitioner had been cheating on her, and she confronted petitioner

about his alleged indiscretions. Petitioner told Phillips that he would "whoop Timothy's ass" and went to Timothy's home. Petitioner banged on the door repeatedly, and when Timothy opened the door, petitioner attacked Timothy and grabbed him around the neck. Timothy pushed petitioner away and retreated into his home, and petitioner followed him inside. Resp/t Ex. 126 at 4-5. Timothy told petitioner to leave, and petitioner lunged at Timothy with a saw he had picked up from the porch. Resp't Ex. 126 at 5. Petitioner fled after Timothy called 911.

Petitioner was indicted on three counts: Burglary in the First Degree, Unlawful Use of a Weapon, and Assault in the Fourth Degree Constituting Domestic Violence. Resp't Ex. 102. The parties eventually entered into a plea agreement providing that petitioner would plead guilty to Burglary in the First Degree and Assault in the Fourth Degree. Resp't Exs. 103-04. In return, the State would dismiss the remaining count and agree to a sentence of 60 months of probation and 60 days in jail, with credit for time served. The parties also stipulated that petitioner would serve a 72-month prison sentence without earned time reductions or alternative programs if his probation were revoked. Resp't Ex. 104 at 8.

The court accepted petitioner's plea and sentenced him in accordance with the parties' plea agreement. Resp't Ex. 101 at 10-13. Petitioner did not appeal or seek post-conviction relief.

Almost two years later, petitioner's probation officer reported that petitioner failed to report as directed and had consumed alcohol in violation of the terms of his probation. Resp't Ex. 128. Petitioner was taken into custody and ordered to show cause why his probation should not be revoked. Resp't Ex. 124. Petitioner admitted the violations, and the court revoked his probation. In accordance with the plea agreement, the court sentenced petitioner to 72 months in prison with no earned time or alternative programs. Resp't Ex. 101 at 6.

After dismissing his direct appeal, petitioner sought post-conviction relief (PCR) and raised claims asserting the ineffective assistance of trial and probation-revocation counsel. Resp't Ex. 112. Petitioner also attempted to raise several pro se claims. Resp't Ex. 112 at 8-13; Resp't Exs. 112, 114, 122, 143. The PCR court declined to consider petitioner's pro se claims and denied the four counseled claims. Resp't Ex. 150.

Petitioner appealed and challenged the PCR court's refusal to instruct counsel to raise petitioner's pro se claims. Resp't Ex. 151. The Court of Appeals affirmed in a written opinion. *Bogle v. State*, 284 Or. App. 882, 395 P.3d 643 (2017) (per curiam); Resp't Ex. 155.

While his initial PCR petition was pending, petitioner filed a second PCR petition and alleged additional claims of ineffective assistance of counsel. Resp't Ex. 158. The State moved to dismiss, and the PCR court granted the motion. Resp't Ex. 165 at 27-28. Petitioner appealed, and the Court of Appeals affirmed in a written opinion. *Bogle v. Nooth*, 284 Or. App. 879, 395 P.3d 644 (2017) (per curiam); Resp't Ex. 169.

Petitioner sought review, and the Oregon Supreme Court consolidated the cases and affirmed both judgments. *Bogle v. State*, 363 Or. 455, 423 P.3d 715 (2018); Resp't Ex. 178.

On October 5, 2018, petitioner filed the instant habeas action.

<u>DISCUSSION</u>

In his federal Petition, petitioner raises twenty-one claims alleging various trial court errors, the ineffective assistance of counsel, and actual innocence. *See generally* Pet. (ECF No. 2). Respondent maintains that petitioner's claims arising from his initial plea proceeding and conviction are untimely and cannot be excused by his claim of actual innocence. *See* 28 U.S.C. § 2244(d) (establishing a one-year statute of limitations for federal habeas petitions). Respondent also argues that petitioner's remaining claims are unexhausted and barred by

procedural default. *See id.* § 2254(b)(1)(A) (requiring a state habeas petitioner to exhaust all available state court remedies before a federal court may consider granting habeas relief).

Respondent correctly points out that petitioner did not challenge his underlying conviction within one year after it became final and did not fairly present any of his federal claims to the Oregon Supreme Court through direct appeal or PCR review. *Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991) (holding that a claim not fairly presented to the state courts is barred through procedural default); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court.").

Petitioner does not dispute that his claims are untimely and unexhausted. Instead, petitioner argues that his actual innocence and the ineffective assistance of PCR counsel excuse the untimeliness and default of his claims. I disagree.

A claim of actual innocence may overcome the one-year statute of limitations and a procedural bar to federal review. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar...or, as in this case, expiration of the statute of limitations."). To successfully invoke the actual innocence exception, "a petitioner must demonstrate that in light of new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Jones v. Taylor*, 763 F.3d 1242, 1247 (9th Cir. 2014) (internal quotation marks and citations omitted). "This new evidence must be reliable, and the reviewing court 'may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" *Id.* (quoting *Schlup*, 513 U.S. at 332). Along with the new evidence, the court must consider all

evidence of record to make "a probalistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

In support of his claim, petitioner relies on statements that Julia Phillips and Timothy Bogle provided during petitioner's PCR proceeding. Phillips reported that she listened to the incident between petitioner and Timothy Bogle via telephone and believes that petitioner never touched his brother or went into his home. Phillips also stated that Timothy Bogle told her he regretted calling the police. Resp't Ex. 113 at 16-18. Timothy Bogle stated that he did not tell the police that petitioner lunged at him with the saw. Resp't Ex. 113 at 20.

These statements do not establish factual innocence of Burglary in the First Degree or Assault in the Fourth Degree. First, Phillips was not present during the altercation between petitioner and Timothy and her statements carry "little weight in the actual innocence analysis." *Jones*, 763 F.3d at 1249. Second, even if Timothy did not tell police that petitioner lunged at him with the saw, Timothy reported that petitioner came over to "fight" him and attacked him in his home. Resp't Ex. 113 at 20. Timothy also admitted that petitioner picked up a saw and he was unsure what petitioner intended to do with it. Finally, other evidence of record, such as the statements of Timothy's wife, supports petitioner's convictions. Resp't Ex. 126 at 5 (police report indicating that Timothy's wife reported that she "saw Tracey follow Timothy into the home with the saw. She said Tracey lunged at Timothy, and she thought he would stab him"); *see also Jones*, 763 F.3d at 1251 (finding that a recantation was not "sufficiently reliable" to support actual innocence when "there is other testimonial evidence supporting the verdict"). Thus, petitioner cannot rely on the actual innocence exception to excuse the untimeliness or procedural default of his claims.

Next, petitioner argues that the exception enunciated in *Martinez v. Ryan*, 566 U.S. 1 (2012) excuses the procedural default of claims alleging the ineffective assistance of trial counsel. For the *Martinez* exception to apply, petitioner must show that his PCR counsel "was ineffective under the standards of *Strickland v. Washington*" and that an underlying claim of ineffective assistance of counsel is a "substantial" one and has "some merit." *Martinez*, 566 U.S. at 14. The *Martinez* exception applies only to "a potentially legitimate claim of ineffective assistance of trial counsel" and does excuse claims that were defaulted by counsel other than PCR trial counsel. *Id*. at 9, 16; *Davila v. Davis*, 137 S. Ct. 2058, 2062-63 (2017) (*Martinez* does not excuse defaulted appellate counsel claim); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (*Martinez* does not excuse defaulted *Brady* claim).

As respondent notes, petitioner does not identify what claims fall within the *Martinez* exception or explain how trial counsel rendered ineffective assistance. Thus, petitioner fails to show that any claim of ineffective assistance of counsel is substantial and has some merit, and he cannot invoke *Martinez* to excuse the procedural default of his claims.

CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4th day of June, 2020.

s/  Michael J. McShane
Michael J. McShane
United States District Judge